IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA MARTIN,

    Plaintiff,                    No. 2:12-cv-01979 KJN

    v.

NATIONAL RAILROAD PASSENGER CORPORATION,                 STATUS (PRETRIAL SCHEDULING) ORDER

    Defendant.
_____/

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.[1]  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

---

[1] This case was removed from state court on July 20, 2012.  (Dkt. No. 1.)  This matter proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of the undersigned for all proceedings in this case (Dkt. Nos. 7, 11), including trial and entry of final judgment, and an order issued October 23, 2012 (Dkt. No. 12).  See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rules 301, 305.  Therefore, the parties' final pretrial conference and the trial itself will proceed before the undersigned.

1

On December 6, 2012, this case was before the undersigned for a status (pretrial scheduling) conference. Attorney Paul Scheele appeared telephonically on behalf of plaintiff Barbara Martin ("plaintiff"). Attorney Kara Abelson appeared telephonically on behalf of defendant National Railroad Passenger Corporation ("defendant"). The parties filed a Joint Status Report. (Joint Status Report, Dkt. No. 14.) The court enters the following scheduling order:

NATURE OF CASE

On May 24, 2012, plaintiff filed a personal injury action in state court, alleging that she was injured when she fell from a wheelchair at the Sacramento Amtrak station on May 25, 2010. (Compl., Dkt. No. 1 at 4.) On July 30, 2012, defendant removed the action to federal court. (Notice of Removal, Dkt. No. 1.) Plaintiff seeks damages for "wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, and loss of earning capacity." (Joint Status Report at 2.)

SERVICE OF PROCESS

Service of process is undisputed. Defendant filed an Answer in state court (Dkt. No. 1 at 9-10) and filed a demand for a trial by jury. (Demand for Jury, Dkt. No. 3.)

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court and upon a showing of good cause.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed and are hereby found to be proper. See 28 U.S.C. §§ 1331, 1391(b). The parties represent (Joint Status Report at 2) that the United States owns more than 50% of defendant's capital stock. 28 U.S.C. § 1349.

MOTION HEARING SCHEDULES

All law and motion, except as to discovery-related matters, shall be *completed* by July 11, 2013. The word "completed" in this context means that all law and motion matters must

be heard by the above date. Counsel (and/or pro se parties)[2] are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

If not already completed, initial disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be completed on or before January 17, 2013.

Non-expert discovery shall be *completed* by April 30, 2013. Expert discovery shall be *completed* by June 14, 2013. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been

---

[2] Any reference to "counsel" in this order includes parties appearing without counsel, otherwise referred to as appearing in propria persona or pro se.

ordered, the order has been complied with.

Motions to compel discovery must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules. Motions to compel non-expert discovery must be *heard not later than* April 9, 2013. Motions to compel expert discovery must be *heard not later than* May 30, 2013.

EXPERT DISCLOSURES

The parties are to designate in writing and file with the court, and serve upon all other parties, the names of all experts they propose to tender at trial, pursuant to the following schedule: initial expert disclosures shall be made on or before February 18, 2013; rebuttal expert disclosures shall be made on or before March 18, 2013.

An expert witness not appearing on such lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition. Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts. Both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may also be percipient experts, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation. A Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Federal Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert. This information is due at the time of designation. Failure to supply the required information may result in the Rule 26 expert being stricken. All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation. The court will closely scrutinize for discovery abuse opinions offered at deposition that differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before United States Magistrate Judge Kendall J. Newman on October 3, 2013, at 10:00 a.m., in Courtroom No. 25. Counsel are cautioned that counsel appearing at the pretrial conference will in fact try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial statement* not later than fourteen (14) days prior to the pretrial conference. The joint pretrial statement shall conform with the requirements of Local Rule 281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which

are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issues. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise *issues* that will be litigated at trial. The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.[3] The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

       Pursuant to Local Rule 281(b), the parties are required to provide with their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall *not* be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order. Plaintiff's exhibits shall be listed numerically; defendants' exhibits shall be listed alphabetically. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be viewed as an abuse of the court's processes.

       Counsel (and pro se parties) are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in: (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts that should be properly admitted; and (c) avoidance of unnecessary proof and cumulative

---

[3] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

evidence. The parties must prepare their joint pretrial statement and participate in good faith at the pretrial conference with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS, which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

Defendant has demanded a jury trial in this case. (Dkt. No. 3.) A jury trial is set to commence before Magistrate Judge Newman on October 21, 2013, at 10:00 a.m., in Courtroom No. 25. The court anticipates that the trial will take approximately three days.

SETTLEMENT CONFERENCE & VOLUNTARY DISPUTE RESOLUTION PROGRAM

The Joint Status Report indicates that the parties wish to mediate the dispute. (Joint Status Report at 3.) As discussed during the Conference, if the parties wish to participate in the Voluntary Dispute Resolution Program ("VDRP"), they must file a Stipulation and Order for VDRP Referral pursuant to Eastern District Local Rule 271(i)(1) and (2).

If the parties choose not to participate in VDRP but still believe that a settlement conference would be beneficial, they shall file with the court a written stipulation to participate in a proposed settlement conference. The stipulation should include at least three to five potential conference dates for the court to select from. The stipulation should be filed at least sixty (60) days prior to the proposed settlement conference dates. The stipulation should specify whether the parties consent to the undersigned serving as both the settlement judge and the trial judge in this case, or, alternatively, whether the parties prefer a magistrate judge other than the undersigned to conduct the settlement conference.[4] The parties shall file settlement conference statements drafted in conformity with Local Rule 270 no later than fourteen days before any settlement conference.

////

---

[4] Should the parties wish for the undersigned to conduct a settlement conference, they shall file appropriate written waivers of disqualification in accordance with Local Rule 270(b).

MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b)(4), this order shall not be modified except by leave of court upon a showing of good cause. Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates. Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

Agreement by the parties pursuant to stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

IT IS SO ORDERED.

DATED: December 11, 2012

_____  
KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE